Harris vs. Adams.

CASE 30—PETITION EQUITY—SEPTEMBER 27.

## Harris vs. Adams.

APPEAL FROM MAGOFFIN CIRCUIT COURT.

1. No personal judgment can be rendered against a defendant constructively summoned and who has not appeared in the action. (*Section* 450, *C. C.*)

2. An order for the sale of real property attached in an action in which the defendant has been constructively summoned and has not appeared, cannot be made until bond is executed by the plaintiff as required by *section* 440, *C. C.*

3. Before judgment can be rendered for the sale of property in such a case, the existence of the facts set forth in the petition and affidavit must be proved, unless the plaintiff files an affidavit to dispense with such proof. (*Section* 439.)

4. Where a warning order was made the 1*st May*, 1862, the action did not stand for trial on the 15*th July* following, because the pleadings were not, and could not have been, completed *ninety days* before the July term. (*Secs.* 91, 137, 393.) These sections must be taken together.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

This is an action by equitable proceedings, brought in May, 1862, by appellee, to enforce the collection of a debt of $96 75, claimed to be owing and due by appellant to him.

The grounds for the attachment were: 1st. That appellant was a non-resident; and 2d. That he had left the county of his residence, and had been absent therefrom more than 30 days, and had voluntarily continued within the so-called Confederate States, or their military lines.

On the 1st of May, 1862, a warning order was made against appellant. On the 15th of July following a personal judgment was rendered against him, although there was no actual service of process, and no appearance by the defendant; the attachment was sustained, and a judgment rendered for a sale of the lots upon which the attachment had been levied.

In the proceedings several errors and irregularities are apparent, prejudicial to appellant, some of which will be noticed particularly.

1. The personal judgment against him was unauthorized. (*Sec.* 450, *Civil Code.*)

2. There was no bond executed by appellee, as required by section 251, *ibid.*

3. Appellant was constructively summoned, and had not appeared to the action. In that state of case, before any judgment could be properly rendered, it was necessary to establish, by proof, the existence of the facts set forth in the petition and affidavit on which the attachment was founded, as the necessary affidavit was not filed by appellee to dispense with such proof. (*Sec.* 439, *Civil Code.*)

Of the irregularities alluded to it might not have been necessary to say anything, except that the several sections of the Civil Code, in relation to which they occurred, have not been judicially expounded by this court, and the rulings by the circuit judges seem not to be uniform on the subject.

Section 91 provides that a defendant, against whom a warning order has been made, shall be deemed to be constructively summoned on the thirtieth day after the making of the order, and the action may proceed accordingly; and, by section 137, it is provided that in actions prosecuted by equitable proceedings, the defense must be filed on the third day of the term, where the defendant has been constructively summoned thirty days.

As in the case at bar there were more than sixty days from the day on which the warning order was made until the commencement of the next succeeding term of the circuit court in which the action was pending, the defense should have been filed on the third day of said term, as required by the section *supra;* but as it was not done, the facts stood traversed by law.

. But section 393, Civil Code, provides that actions prosecuted by equitable proceedings shall stand for trial at *any term* where the pleadings have been; or, by the provisions of sections 137, 138, and 139, should have been completed *ninety days* before the commencement of such term. It is apparent in this record that the pleadings could not have been completed, ninety days before the commencement of the term at which the case was tried, consequently, it did not stand for trial at that term, and the judgment was prematurely rendered.

. These sections must be taken together, and, when so taken, the foregoing conclusion is unavoidable.

But rendering judgment before the case stood for trial by section 578 was a clerical misprision, and would not, of itself, be cause for a reversal, until it had been presented and acted upon by the court below, which was not done in this case.

For the reasons herein stated the judgment is *reversed,* and the cause remanded, with directions for further proceedings consistent with this opinion.