CASE 53.—ACTION BY THE COMMONWEALTH FOR USE, &c.,
AGAINST P. D. CATLIN AND OTHERS TO EN-
FORCE A STATUTORY LIEN ON LAND.—Septem-
ber 29.

# Commonwealth, for Use, &c., v. Catlin

Appeal from Marion Circuit Court.

I. H. THURMAN, Circuit Judge.

From the judgment plaintiff appeals—Reversed.

Partition—Sale—Disposition of Infant's Share of Proceeds.—
Under Civil Code Prac., section 497, providing that, in an
action for sale and division of the proceeds of real estate
owned by several and incapable of division without materially
impairing its value, the share of an infant shall not be paid
by the purchaser, but shall remain a lien on the land till the
infant becomes of age, or till his guardian execute a bond to
account to the infant for all money belonging to the infant,
the proceeds of the sale, including the share of an infant,
having been paid into court, when the infant had no statutory
guardian, and the commissioner having squandered the in-
fant's share, a guardian, being afterwards appointed and giv-
ing bond, may maintain an action to enforce the statutory
lien on the land for the infant's share; but he has no right
of action against the commissioner and his surety, the pay-
ment into court being without right, notwithstanding any
order of the court with respect to it.

FINLEY SHUCK for appellant.

JOHN McCHORD for appellee.

OPINION OF THE COURT BY JUDGE BARKER—Revers-
ing.

In 1892 W. D. Catlin died, intestate, domiciled in

Marion county, Ky., leaving a wife and seven children, two of whom were infants of tender years. His son, P. D. Catlin, was appointed and qualified as administrator of the estate. The personal property was sufficient to pay off all the indebtedness left by the decedent, and, his real property being indivisable without impairment of its value, the administrator instituted an action in the Marion circuit court, under subsec. 2 of sec. 490 of the Civil Code of Practice, for a sale and division of the proceeds among the heirs. All of the children, and the widow of W. D. Catlin were made parties to this action, it being No. 2,129 in the Marion circuit court. In this action such proceedings were taken and had that judgment was rendered ordering a sale of the real property left by the decedent for division among his children as prayed in the petition. The property, consisting of about 157 acres, which is described by metes and bounds in the petition, was sold by the commissioner of the Marion circuit court in pursuance of the judgment above referred to, and purchased by the appellant, P. D. Catlin, who executed purchase bonds payable to the commissioner, E. L. England. Afterwards the purchaser paid into court all the purchase money, including the shares of the two infants, W. T. Catlin and Nanie M. McCallip, although the infants had no statutory guardian to execute bond in accordance with the provisions of section 497 of the Civil Code of Practice. The shares of the infants, amounting to $519.50, were received by the commissioner, and, upon the order of the court, loaned out at interest, but afterwards the order lending it out was set aside and the money collected back by the commissioner, who, it is alleged, has squandered it and left the State, becoming a nonresident. Thereafter the appellant,

J. B. Hundley, was appointed and qualified as the guardian of W. T. Catlin and Nanie M. McCallip, executed the bond required by sections 497 and 493 of the Code, and then instituted this action, setting forth in his petition the facts recited in this opinion, seeking to enforce the statutory liens given by section 497 of the Code to his wards to secure their part of the purchase money due for the sale of the land involved in this action. He also made E. L. England the commissioner, and the United States Fidelity & Guaranty Company, surety on his bond, parties defendant, and prayed judgment against them. All of the defendants (appellees) filed general demurrers to the petition, which were sustained by the court, and, the plaintiff (appellant) declining to amend, the petition was dismissed.

Section 497 of the Code, in so far as applicable to the case in hand, is as follows: "In the action mentioned in subsection 2 of section 490, the share of an infant, or of a person of unsound mind, shall not be paid by the purchaser; but shall remain a lien on the land bearing interest until the infant become of age, or the person of unsound mind become of sound mind, or until the guardian of the infant, or the committee of the person of unsound mind, execute bond as required by section 493." The infants having no guardian to whom their respective shares of the purchase money could be paid, by the express terms of the Code these remained a lien upon the land, bearing interest, and the purchaser was prohibited from paying the money over to any one prior to the time they became of age, except to their statutory guardian after the execution of the bond required by section 493. The court would have had no authority to direct payment and the payment by the purchaser on his own.

motion was unauthorized and void so far as the interests of the infants are concerned. The rights of the infants are fixed and secured by the provisions of the Code cited, and the lien on the land could not be lifted or discharged, except in the manner pointed out by the letter of the law. No order of the court made concerning the money wrongfully paid to the commissioner by the purchaser could affect the rights of the infants; and when the appellant qualified as their guardian, and executed the proper bond in accordance with the provisions of the Code, supra, he had a right to demand and receive the purchase money belonging to them, and to enforce the statutory lien which secured it.

The provisions of the Code herein referred to were enacted for the express purpose of securing the interests of infants in their patrimonial estates, and to protect them from the very calamity which has occurred in this case. It would practically abrogate the law, enacted for the benefit of infants, to allow a purchaser to violate its provisions as is detailed in the petition in this case. This court has uniformly enforced the requirements of the Code for the protection of the interests of infants, and we see nothing in the case under consideration which warrants us in relaxing so salutary a rule. It follows, from the conclusion herein set forth, that the court correctly sustained the demurrers of the commissioner, England, and his surety, the guaranty company, but erred in sustaining that of the purchaser of the land at the judicial sale and his subsequent vendees.

Judgments reversed, for further proceedings consistent herewith.