CASE 57.—SUIT BY MARION H. OLDHAM AND OTHERS AGAINST JOHN McELROY AS SHERIFF OF FAY- ETTE COUNTY AND ANOTHER.—June 18, 1909.

## Oldham, &c. v. McElroy, Sheriff, &c.

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Judgment for defendants, plaintiffs appeal.—Affirmed.

1. Executors and Administrators—Indivisible Real Estate—Sale Administration Suit.—Where land belonging to a decedent's estate is indivisible without impairing its value, Civ. Code Prac. Sec. 489, authorizes a sale thereof in a suit to settle the estate.

2. Judgment—Informality—Effect.—Where a decree for the sale of real estate was within the court's jurisdiction and within the issues, but was erroneous because based on an objectionable deposition, the decree was not void; but having been set aside, a subsequent judgment, based on competent proof, ordering the first decree to be executed as the then judgment of the court, though informal, and not commendable practice, was not void.

3. Executors and Administrators—Sale of Land——Bond.—A suit to sell an ancestor's land to pay debts is excepted from Civ. Code Prac. Sc. 493 providing for a bond on behalf of infants in certain sales of real property.

4. Executors and Administrators—Sale of Land—Payment of Debts—Lien.—Where land in which infants are interested is sold to pay debts of the ancestor, a lien is retained by law on the land for the infants' share, for the excess above the intestate debts,, until bond is executed on behalf of the infants, by Civ. Code Prac. Secs. 493, 497.

5. Executors and Administrators—Real Estate—Sale—Debts—Bonds.—Where real estate owned by decedent in common with another was sold to pay debts, and certain infants were interested in the surplus proceeds of the sale of decedent's share, the court should not collect the sale bonds, in excess of the amount going to the co-tenant and enough of the remainder to pay the debts and expenses of administering decedent's estate, before requiring the execution of a bond to protect the infant's share of the surplus, as required by Civ. Code Prac. Sec. 493.

6. Executors and Administrators—Sale of Land of Decedent—Res Judicata—Estoppel of Widow.—Where a widow appeared, in an action to sell land for the payment of her deceased husband's debts and expenses of administration and made no claim that she was entitled to dower in the land, she was estopped as against the purchaser to thereafter claim dower.

7. Executor and Administrators—Sale of Real Estate—Nonresident Heirs—Bond—Judgment.—Failure to execute the bond required by Civ. Code Prac. Sec. 410, before decree of sale of a deceased ancestor's land to pay debts and expenses of administration, as against nonresident heirs, did not render the judgment void, but only erroneous.

FORMAN & FORMAN for appellants.

SHELBY & SHELBY, CHAS. KERR and H. E. ROSS for appellees.

No briefs—record out of office.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Appellant, Marion H. Oldham, was the purchaser of a lot and warehouse in Lexington at decretal sale of the Fayette Circuit Court in the action of Stivers v. Herndon's Adm'r and Others. The sale was confirmed without exception, and she was placed in possession of the lot. An order was entered directing the collection of the purchase bonds. This suit was brought to enjoin the collection of the bonds. The sheriff, in whose hands was an execution on the bonds, and the master commissioner, to whom the bonds were made payable under the decree of the sale, are

made defendants. But we deem it unnecessary—indeed, not permissible—to notice any of the grounds urged against the judgment save such as attack the judgment of sale as void. If the proceedings were merely erroneous, the sale would stand as against a collateral attack by anybody who had been a party or privy to the record. The circuit court refused the injunction. Hence this appeal.

Herndon was a Virginian and a tobacconist. He became the owner of a lot and warehouse thereon in Lexington, Ky., which was designed for use as a tobacco warehouse. He sold and conveyed to Luther Stivers an undivided half of the warehouse and lot. Shortly thereafter he died intestate, a resident of Richmond, Va. His widow qualified as domiciliary administratrix, while the Union Bank & Trust Company of Lexington was appointed anciliary administrator in Kentucky. Stivers, claiming to be a creditor of Herndon, brought a suit for settlement of Herndon's estate in the Fayette Circuit Court against the Kentucky administrator and another creditor in Kentucky of Herndon, joining the widow and the five infant children of Herndon as defendants. The widow and infants were brought before the court by constructive process only. The petition alleged that plaintiff was a creditor of Herndon; that he had died intestate in Virginia, leaving debts unpaid in Kentucky, and leaving no personalty in this state; but that he was the owner of an undivided half of the warehouse lot, which was indivisible without materially impairing its value. The prayer of the petition prayed a marshaling of the assets and liabilities of the estate, and that the lot of land described in the petition be sold; that the proceeds be partitioned, and the Herndon half be first applied to the payment

of the debts of that estate, and the balance be dis-
tributed among his real representatives of the de-
fendants. A Kentucky creditor, the First National
Bank of Lexington, asserted in the action a debt, a
note of $1,360 and interest, which it claimed was un-
paid. The Kentucky administrator answered that no
personal estate of the intestate had come to its
hands, and that there was none in Kentucky known
to it. The deposition of a witness, Porter, was taken
on the plaintiff's behalf, showing the indebtedness
to the First National Bank and that the property
was indivisible. Thereupon a decree for the sale
of the lot was entered, and the lot sold. Upon excep-
tions filed by both the Kentucky and Virginia repre-
sentatives, the sale was set aside, and exceptions were
sustained to the deposition of Porter, because not
taken upon interrogatories as required by the Code,
where the defendants were constructively summoned.
The deposition was retaken, this time on interrogato-
ries. The case was again submitted for judgment.
The decree was that the former judgment be now exe-
cuted, with some modifications as to advertising the
sale. It was at this last sale that appellant, Marion
H. Oldham, became the purchaser.

The judgment of sale is attacked as void, because,
it is claimed, it is subject to the same vices that
marked the proceedings in Elliott v. Fowler, 112 Ky.
376, 65 S. W. 849, 23 Ky. Law Rep. 1676. The suit
of Stivers against Herndon's administrator may be
treated either as solely for the purpose of settling
the intestate's estate or as combining with that ob-
ject the additional one of having a decree of sale of
the lot of land because of its indivisibility without
impairment of its value, as allowed by section 489

of the Civil Code of Practice. If the lot was indivisible, as stated, then we think all that was necessary was the suit to settle the decedent's estate. In Elliott v. Fowler there was this essential difference from the case of Stivers v. Herndon: The former estate was a large farm, susceptible of partition without impairment of its value, and not necessary to be sold to pay the decedent's debts. The suit to settle the decedent's estate did not, therefore, bring into the case any more of the decedent's estate than was necessary to pay his debts and the cost of administration.

In Herndon's Case, as the lot could not be sold in parcels without entailing a loss upon the owner, whose interest was so sold, it was competent, the other joint owner assenting, to sell it as an entirety, subsequently treating the surplus proceeds of the decedent's estate as realty. Section 494, Civ. Code Practice; Rodgers v. Rodgers, 31 S. W. 139, 17 Ky. Law Rep. 358. Thus tested, the petition stated a cause of action. The necessary averments were sustained by the proof. The decree that was actually executed should have been entered and executed. Although the first judgment was based upon a deposition which was subject to exception because of the manner in which it was taken, the decree was not on that account void. But, even if void, when a subsequent judgment was entered, based upon competent proof, ordering the first decree to be executed as the then judgment of the court, though informal, and not a commendable practice, it was nevertheless not void.

It is claimed, too, that the judgment in the Stivers suit was void because the bond required by section

493, Civ. Code Prac. was not executed on behalf of the infants. The suit to sell the ancestor's land for his debts is excepted from the requirement of the Code concerning that bond. A lien should have been, and by law is, retained on the land for the infants' share of the excess above the intestate's debts, until bond is executed on behalf of the infants as required by sections 493 and 497, Civ. Code Prac. Rodgers v. Rodgers, supra; Todd v. Dowd's Heirs, 1 Metc. 282; section 497, Civ. Code Prac.; Foley v. Graham's Guardian, 110 S. W. 839, 33 Ky. Law Rep. 627.

The circuit court reserved control of the entire proceeds of the sale. No deed has yet been made to the purchaser. So the court can, and doubtless will, enter such further orders as may be necessary to protect the interests of the infants and purchaser in the case. It would be error for the court to collect the sale bonds, in excess of the one-half going to Stivers and enough of the remainder to pay the debts and administration costs of Herndon's estate, before the bond required by section 493 is executed. Com. v. Catlin, 112 S. W. 665, 33 Ky. Law Rep. 1049, 129 Ky. 493.

Both Herndon and Stivers were married men. Mrs. Herndon joined in her husband's deed to Stivers; but it is claimed the notary's certificate of the acknowledgment to her deed is not sufficient. It is feared her dower in the lot was not conveyed. But she appeared in the Stivers-Herndon case when she filed exceptions to the commissioner's report. She was then discovert. Not objecting then or thereafter in that suit that her interest as dowress was being included in the sale, she is estopped as against the purchaser to now question the fact. Be-

sides, she is here, by her counsel, who urges in his brief on her behalf that the judgment in this case be affirmed. Her dower has passed by the sale to appellant. Mrs. Stivers was not a party to the suit of Stivers v. Herndon. But she is in this suit, and by quitclaim conveyed her potential dower in the lot to appellant. So that eliminates her claim.

The bond required by section 410, Civ. Code Prac. to be executed before a judgment can be rendered against a nonresident constructively summoned, was not given. It is claimed that that rendered the judgment of sale void. Whether that bond is required before a judgment can be rendered against non-resident heirs decreeing a settlement of their deceased ancestor's estate, is not necessary to be now decided. If it was required, but not executed, the judgment would not be void but erroneous only. Allen v. Brown, 4 Metc. 342; Harris v. Adams, 2 Duv. 141; Atcheson v. Smith, 3 B. Mon. 502; Thomas v. Mahone, 9 Bush, 111; Tatum v. Gibbs, 41 S. W. 565. 19 Ky. Law Rep. 695; Morgan v. Wickliffe, 70 S. W. 680, 24 Ky. Law Rep. 1039.

The record does not show that the appellant did not get a good title to the lot.

Judgment affirmed.