### Swift Coal & Timber Company v. Cornett, et al.

(Decided June 22, 1926.)

### Appeal from Perry Circuit Court.

1. Guardian and Ward—That One, on Whom Return Recited that Summons was Executed, in Suit to Sell Land of Infant, for Whom he was Guardian Ad Litem, was Called Infant's "Appointed At-

torney" in Summons, was Immaterial.—That one, on whom return recited that summons was executed, in suit to sell land of infant, for whom he was guardian ad litem, was called infant's "appointed attorney" in summons, was immaterial, as he was not a necessary party to summons.

2. Guardian and Ward.—It was unnecessary to deliver to infant's guardian ad litem two copies of summons, in guardian's action to sell land.

3. Guardian and Ward.—Process was executed on infant, in guardian's action to sell land, when copy of summons was delivered to guardian ad litem.

4. Guardian and Ward—Depositions May be Taken on Notice to Guardian Ad Litem, Appointed by Clerk on Filing of Guardian's Petition for Sale of Land.—One, appointed infant's guardian ad litem by clerk on filing of guardian's petition to sell land, is guardian ad litem, not only for service of process, but throughout action, and depositions may be taken on notice to him as such.

D. D. FIELDS & DAY for appellant.

JOHN E. CAMPBELL for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

Hiram Cornett died intestate a resident of Perry county, leaving surviving him his widow, Janie Cornett, and an infant son, Lawrence Cornett, who was eleven years old. The intestate owned a tract of about 20 acres of land. Janie Cornett qualified as guardian of her son, and brought this action as guardian, to sell the land, alleging that the sale of the infant's interest in the land was necessary for his maintenance and education. Upon the filing of the petition the clerk made an order appointing a guardian *ad litem* for the infant. The process was served on the guardian *ad litem,* proof was taken, and judgment was entered for the sale of the land. The sale was had, and upon exceptions to the sale, it was set aside on the ground that the court had appointed no guardian *ad litem* for the infant. Thereupon the court appointed a guardian *ad litem for* the infant. The guardian *ad litem* filed report, and judgment was entered for a sale of the land. The sale was had; the purchaser filed exceptions to the sale. The exceptions were overruled, and the purchaser appeals.

It is insisted for the appellant that the infant was not before the court because he was not properly summoned. The summons is in the usual form, commanding

the officer to summon Lawrence Cornett and John E. Campbell, his appointed attorney, to answer in ten days, after the service of the summons, the petition filed in the action. The summons was returned as follows: "Executed on John E. Campbell by delivering to him a copy of the within summons." The fact that Campbell was called in the summons, his appointed attorney, was immaterial, for Campbell was not a necessary party to the summons. It was not necessary to deliver to Campbell two copies of the summons. Webb v. Webb, 190 Ky. 574; Johnson v. Carroll, 190 Ky. 689. The process was executed on the infant when a copy of the summons was delivered to his guardian *ad litem*. The infant was, therefore, properly before the court. The order appointing the guardian *ad litem* was regular; the proper affidavit had been filed.

It is also insisted that the depositions were not properly taken, because they were taken upon notice to John E. Campbell as guardian *ad litem* under the appointment of the clerk made when the petition was filed; but in such cases, when the clerk appoints a guardian *ad litem* upon the filing of the petition the person so appointed is guardian *ad litem* for the infant, not alone for the purpose of service of process, but throughout the action. This question was expressly decided in Luck v. Shabell, 186 Ky., 339, in these words:

> "Appellees also contend the orders of sale and confirmation were void as to at least one of the infants who was over 14 years of age at the time the orders were entered, but having been brought before the court while under 14 years of age in the manner prescribed by the Code, he was in court and the authority of his guardian *ad litem* to defend for him in that action continued until the termination of the cause, unless removed by the court or terminated by the arrival of the infant at the age of majority."

On the whole record no error is perceived affecting the regularity of the proceedings. The purchaser obtained a good title; the exceptions to the sale were properly overruled.

Judgment affirmed.