## Grooms, et al. v. Grooms, et al.

(Decided May 11, 1928.)

### Appeal from Greenup Circuit Court.

1. Infants.—Where creditor in suit to settle estate made proper affidavit for appointment of guardian ad litem for infant heirs of deceased in answer and cross-petition, and case proceeded as original action instituted by creditor, appointment of guardian ad litem was regular, infants were properly before court, and judgment therein was not void against infants, on ground that no summons was served on any one for them on original petition.

2. Executors and Administrators.—In action under Civil Code, sec. 489, subsec. 1, for sale of infants' property brought by creditor of infants' ancestor, judgment held not void against infants represented by guardian ad litem for failure to execute bond for infants' interest in surplus proceeds under section 493, bond not being required, but share of infant in surplus remaining lien on land until infant becomes of age or guardian executes bond, in which case lien is discharged.

3. Executors and Administrators.—If property is purchased at judicial sale by personal representative who is party to action, sale is not void, if confirmed by court, but voidable at election of beneficiaries of decedent.

4. Guardian and Ward.—Where guardian purchases property of his ward at judicial sale, sale is voidable at election of infant ward, and not void.

5. Judgment.—Judgment in court of general jurisdiction void because of want of jurisdiction either of person or subject-matter, may be collaterally attacked, but judgment that is only voidable cannot be attacked in collateral proceeding.

6. Executors and Administrators.—Where infants represented by guardian ad litem did not appeal from judgment affirming sale of property of deceased father in proceedings to settle estate, and did not proceed under any provision of Code to vacate judgment, which was voidable and not void, proceedings under Declaratory Judgment Act (Civil Code, sec. 639a-1 et seq.) by infants to be declared owners of realty was collateral attack on judgment in settlement of estate, and hence court erred in declaring rights of parties in so far as title acquired by infants' mother was affected by fact that she was administratrix of husband's estate when she purchased property at commissioner's sale.

7. Executors and Administrators.—Commissioner's sale of property to administratrix of deceased husband in proceedings to settle estate held valid until sale is set aside or vacated in proper proceeding, especially where there was no claim of fraud by any party to proceedings in which sale was had.

JAMES B. ADAMSON for appellants.

H. O. WILLIAMS and E. H. KING for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This is an action under the Declaratory Judgment Act, section 639a-1 et seq., Civil Code.

C. B. Grooms died intestate in the year 1916, the owner of a house and lot located in the town of Russell, Ky. He left surviving him two children, the appellants, Clifford Grooms and Virginia Grooms, and his wife, the appellee Alice Grooms. At the time of his death, the children were three and four years of age, respectively. His widow, Alice Grooms, qualified as administratrix of his estate, and on June 29, 1917, filed an action in equity in the Greenup circuit court to sell the house and lot to pay the debts of her decedent. The house was a five-room cottage, and the property was of the value of $3,000, and Henry A. Williams held two mortgages against the property amounting to $1,000. C. B. Grooms left no personal property.

In the suit to settle the estate of C. B. Grooms, the two children and the mortgagee, Henry A. Williams, were made defendants, but no summons was served on any of them. The mortgagee, Henry A. Williams, however, filed an answer, counterclaim, and cross-petition in

the action, in which he set up decedent's indebtedness to him, and asked that he be adjudged a lien on the real estate, and that it be sold to satisfy his debt. Alice Grooms and the two infant children were made defendants in the counterclaim and cross-petition, it being alleged as to the infant defendants that they had no guardian, curator, or committee. Summons was issued for all of the defendants on this pleading, and a guardian ad litem for the infant defendants was appointed by the clerk, and summons was served on them by delivering a copy thereof to their guardian ad litem. The action proceeded as one between Henry A. Williams and the defendants in the counterclaim and cross-petition. No further appointment of a guardian ad litem was made, but the one appointed for service continued to act, was present at the taking of proof, and filed his report before the case was submitted for judgment.

Henry A. Williams was adjudged a lien on the real property, and it was directed to be sold by the master commissioner. At the sale held on December 3, 1917, the property was purchased by Alice Grooms, the administratrix of the estate, and the mother of the infant defendants, for the sum of $1,550, it having been appraised at $3,000. She executed a sale bond, the master commissioner filed a report of the sale, which was confirmed, and, after the purchase money had been paid, a deed was executed by the commissioner to Alice Grooms, which was examined and approved by the court on July 11, 1918. No bond was executed to the infants for their interest in the surplus proceeds of the sale until after the institution of the present action; Alice Grooms having qualified as their guardian on September 18, 1918.

On May 4, 1923, Alice Grooms executed a mortgage on the property to the appellee J. R. Simpson to secure the payment of $3,500 she had borrowed from him. She applied this $3,500 to the payment of the purchase price for the property and to improvements thereon. On April 18, 1925, she conveyed to the appellee F. U. Simpson, for $2,500, a portion of the lot and this $2,500 was applied to improvements on the remainder of the property still owned by her. Upon the portion of the lot so conveyed to him, the appellee, F. U. Simpson, constructed a two-story brick apartment building at a cost of $10,000. Having made application for a loan to be secured by a mortgage on the property, it was discovered for the first

time that the title thereto was questionable; hence this proceeding instituted by the infant children by their next friend against Alice Grooms, F. U. Simpson, and J. R. Simpson, in which they ask that they be declared the owners of all the real estate owned by their father, C. B. Grooms, at the time of his death, and that the judgment and order of sale in the action of Alice Grooms, Administratrix, v. Clifford Grooms, Virginia Grooms, and Henry A. Williams, be declared null and void, and that the deed from the commissioner to Alice Grooms and the mortgage from her to J. R. Simpson and the deed from her to F. U. Simpson be declared void and canceled.

On a final hearing the lower court adjudged that plaintiffs, Clifford Grooms and Virginia Grooms, are the owners of the real estate in question, except that portion thereof conveyed by Alice Grooms to F. U. Simpson, of which the latter was adjudged to be the owner. The appellee J. R. Simpson was adjudged a prior and superior lien upon all the property for the sum of $1,800, being the balance due on the mortgage executed to him by Alice Grooms, and Alice Grooms was adjudged a lien upon the real estate for the sum of $5,152. The court arrived at this sum as follows: The amount of the liens against the property paid by Alice Grooms and the increase in the value of the property because of the improvements placed thereon by her in all amounted to $9,452, and from this was deducted the sum of $2,500 paid to her by F. U. Simpson and the sum of $1,800 adjudged as a lien to J. R. Simpson.

The infant plaintiffs excepted to so much of the judgment as adjudged F. U. Simpson title to that portion of the lot conveyed to him by Alice Grooms and as adjudged to J. R. Simpson the lien for $1,800 and Alice Grooms a lien for $5,152, and have appealed. Alice Grooms has prayed, and been granted, a cross-appeal.

It is her contention that the judgment and sale in the action instituted by her on June 29, 1917, were valid, and that she owns the fee simple title to that portion of the property not conveyed by her to F. U. Simpson.

It is insisted for the infant appellants the judgment and sale in the action for the settlement of their father's estate were void because no summons was served upon any one for them upon the original petition, they being infants at that time, under 14 years of age, and because no bond was executed as required by section 493 of the

Civil Code, and the property was purchased by the appellee Alice Grooms while she was the administratrix of her husband's estate.

After Henry A. Williams, the mortgagee, filed his answer, counterclaim, and cross-petition, no further action seems to have been taken under the petition filed by the administratrix, but it proceeded as an action by Henry A. Williams, the creditor, against the administratrix and heirs of the decedent debtor. The pleading filed by him contained a proper affidavit for the appointment of a guardian ad litem for the infants, and a guardian ad litem was appointed by the clerk and summons served on him for the infant defendants. While no order was thereafter entered showing his appointment by the court to represent the infants, he did represent them, and filed a report. In Swift Coal & Timber Co. v. Cornett, 215 Ky. 270, 284 S. W. 1072, it was held that, when the clerk appoints a guardian ad litem upon the filing of a petition, the person so appointed is guardian ad litem for the infant, not alone for the purpose of the service of process, but throughout the action. It was likewise held in Luck v. Schabell, 186 Ky. 335, 216 S. W. 1066, that a guardian ad litem for an infant under 14 years of age, appointed by the clerk, has authority to defend for him in the action until the termination of the cause, unless removed by the court or such authority is terminated by the arrival of the infant at the age of majority.

The proper affidavit for the appointment of a guardian ad litem having been made in the answer, counterclaim, and cross-petition of the creditor, Henry A. Williams, and the case having proceeded as an original action instituted by the creditor, the appointment of a guardian ad litem was regular, and the infants were properly before the court.

The judgment was not void because bond was not executed to the infants for their interest in the surplus proceeds, since the action was one under subsection 1, section 489, of the Civil Code, and bond under section 493 of the Code is not required in such actions, but the share of the infant in the surplus remains a lien on the land until he becomes of age or his guardian executes bond. Oldham v. McElroy, 134 Ky. 454, 121 S. W. 414; Foley v. Graham, 110 S. W. 838, 33 Ky. Law Rep. 627. The guardian having subsequently executed the bond, the lien has been discharged.

If property is purchased at a judicial sale by a personal representative who is a party to the action, the sale is not void, if confirmed by the court, but voidable at the election of the beneficiaries of the decedent. Schlickman v. Dusing, 180 Ky. 506, 203 S. W. 295; Conrad v. Conrad, 152 Ky. 422, 153 S. W. 740; Charles v. Daniels, 140 Ky. 379, 131 S. W. 42. The same rule applies where a guardian purchases the property of his ward at a judicial sale. The sale is voidable at the election of the infant ward. Robson's Guardian v. Robson, 213 Ky. 625, 281 S. W. 789; Harris v. Hopkins, 166 Ky. 147, 179 S. W. 14.

A judgment in a court of general jurisdiction, void because of the want of jurisdiction either of the person or subject-matter, may be collaterally attacked, but a judgment that is only voidable cannot be attacked in a collateral proceeding. Furlong v. Finneran, 223 Ky. 558, 4 S. W. (2d) 378; Combs v. Deaton, 199 Ky. 477, 251 S. W. 638; Wayne v. Brumley, 190 Ky. 488, 227 S. W. 996; Harrod v. Harrod, 167 Ky. 308, 180 S. W. 797. In Ratliff v. Childers, 178 Ky. 102, 198 S. W. 718, a direct attack on a judgment was defined as follows:

"A judgment is directly attacked when it is called in question in a proceeding for a new trial or by an action to set it aside for fraud, as pointed out in Civil Code, sections 344, 414, and 518, for the modification or vacation of judgments; but an attack made on a judgment in any other way is a collateral attack."

The infants have not appealed from the judgment confirming the sale, nor have they proceeded under any provision of the Code providing a method for vacating a judgment. The present proceeding is a collateral attack upon the judgment, and, the judgment being voidable, not void, the lower court erred in declaring the rights of the parties in so far as the title acquired by appellee Mrs. Alice Grooms was affected by the fact that she was the administratrix of her husband's estate when she purchased the property at the commissioner's sale. Shearer v. Backer, 207 Ky. 455, 269 S. W. 543. Until the sale is set aside or vacated in a proper proceeding, it stands as a valid sale. There is not only no claim of fraud on the part of any party to the proceeding in which the sale was had or of any party to this proceeding, but it is perfectly

clear that all parties have acted in the utmost good faith, and it is very probable that the infants involved will at the proper time ratify the action of their mother in purchasing the property. The lower court correctly adjudged valid all proceedings prior to the sale, but since we have concluded it should have declined to declare the rights of the parties under a voidable sale, the judgment is reversed on both the appeal and cross-appeal, with directions to enter a judgment in conformity herewith.