## Hopkins et al. v. Cox.

### Sept. 28, 1943.

Joseph D. Harkins for appellants.

J. D. Bond for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

In 1934, the appellee, Hattie Cox, obtained an $800 judgment in the Knott Circuit Court against the appellants, Ballard and Martha Hopkins, for damages resulting from an automobile collision. Immediately before the trial Mrs. Cox agreed in writing to release the appellants from any damages which she might recover against them. Subsequently, the appellants acquired property in Floyd County, which they attempted to convey to an infant son prior to the institution of this action by the ap-

pellee. Mrs. Cox sought to have the conveyance set aside and the property subjected to the satisfaction of the Knott County judgment. The appellants relied upon the aforementioned release agreement as a defense to this action. This appeal is from a judgment in favor of Mrs. Cox.

The parties agree that the only question now before us is the effect of the release agreement entered into by them just before the trial began in the Knott Circuit Court. The appellants say the parties should be left where they placed themselves under the agreement, since all of them were attempting to perpetrate a fraud upon the insurance carrier. On the other hand, the appellee insists the defense interposed by the appellants constitutes only a collateral attack upon the Knott County judgment, and, since that judgment was regular on its face, their cause should fail. We think the position of the appellee is sound. The Knott County judgment shows upon its face that it was regular in every respect. There was a bona fide dispute between the parties and a regular trial was had. At the time Ballard Hopkins testified in that action he had the release in his possession. Had he desired to rely upon it, he had ample opportunity to raise the question. It is well settled in this jurisdiction that only a void judgment is subject to collateral attack. Luck v. Schabell, 186 Ky. 335, 216 S. W. 1066; Logsdon v. Logsdon, 204 Ky. 104, 263 S. W. 728.

Judgment affirmed.