## STANFIELD et al.

### v.

## WILLOUGHBY et al.

Court of Appeals of Kentucky.

June 23, 1954.

Redwine & Redwine, M. C. Redwine, Winchester, for appellants.

Alton S. Payne, Winchester, for appellees.

DUNCAN, Justice.

The complaint, pursuant to the applicable provisions of KRS Chapter 199, seeks the adoption of Carolyn Ann Willoughby, who is now seven years of age. Plaintiffs below and appellants here are the step-father and natural mother of the infant. Defendants and appellees are the infant and her natural father. Upon motion of the guardian ad litem, appointed for service of process upon the infant, the lower court dismissed the complaint upon the ground that it failed to state a claim upon which relief could be granted. At issue on the appeal is the right of the guardian ad litem, appointed for service only, to defend the action, and the right of the court to decree adoption in any event without the written consent of the natural father.

The appellee, Lee Willoughby, and the appellant, Georgia Mae Stanfield, were formerly husband and wife, and the appellee, Carolyn Ann Willoughby, was born as a result of their marriage. The parents were divorced on October 1, 1948, and the custody of the daughter was awarded to the mother, the father being required to pay $5 per week for her support. The father has not complied with the provisions of the judgment relating to support and his last known address was Middletown, Ohio. The mother later married appellant, Leslie Cole Stanfield, and the child made her home with her mother and stepfather. In addition to a decree of adoption, the complaint

seeks to change the name of the infant to Carolyn Ann Stanfield.

On the procedural question, it is apparent that there is a conflict between the Civil Rules and KRS 387.305, which was formerly Section 38 of the Civil Code of Practice. Under the Civil Code of Practice, before the enactment of Chapter 84, Acts of 1952, and the adoption of the Kentucky Rules of Civil Procedure, it was clear that a guardian ad litem for defense of an action could be appointed by the court or the judge at any time or by the clerk during vacation. Civil Code of Practice, Section 38(2). A guardian ad litem for service of process was appointed by the clerk. Civil Code of Practice, Section 52(2). This Court has held that a guardian ad litem appointed by the clerk for service of process could defend the action on behalf of the infant if there was no subsequent appointment by the court of a guardian ad litem for defense. Luck v. Schabell, 186 Ky. 335, 216 S.W. 1066; Swift Coal & Timber Co. v. Cornett, 215 Ky. 270, 284 S.W. 1072; Grooms v. Grooms, 225 Ky. 228, 7 S.W.2d 863.

Under the Civil Rules, there is no provision for appointment by the clerk of a guardian ad litem to defend the action. CR 4.04(3) provides that the clerk shall appoint a guardian ad litem for service upon the infant. CR 17.03(1) provides for appointment by the court of a guardian ad litem for the purpose of making defense. The conflict arises from the fact that Section 38 of the Civil Code of Practice has been transferred to the Kentucky Revised Statutes. KRS 387.305. Chapter 84, Acts of 1952.

The General Assembly, in placing the rule-making power in the Court of Appeals, abolished the Civil Code of Practice, as such, effective July 1, 1953, but transferred to the statutes certain Code sections which were not considered entirely procedural. Recognizing that certain Code sections so transferred might be considered procedural rather than substantive and that conflicts might occur, it was provided by KRS 447.156, Chapter 18, Section 6, Acts of 1952 that on and after July 1, 1953, all laws relating to pleading, practice and procedure should be effective as rules of court until modified or superseded by subsequent court rule, and upon their adoption, the rules should take precedence over other laws relating to pleading, practice and procedure.

█ It seems to us that KRS 387.305, relating to the officer who may appoint a guardian ad litem for defense of an action, is entirely procedural and the conflict should be resolved in favor of the Civil Rules. It follows that in an action practiced under the Civil Rules a guardian ad litem appointed by the clerk for service of process has no authority to defend the action on behalf of the infant.

The second question requires a construction of certain sections of KRS Chapter 199, relating to adoption. KRS 199.500(1) and its subsections applicable to the present situation provide in substance that no adoption shall be granted without the sworn consent of the living parent or parents of a legitimate child or the mother of a child born out of wedlock, except that such consent of the living parent or parents shall not be required if the parental rights of such parents have been terminated under KRS 199.600 to 199.630, or the living parents are divorced and the parental rights of one parent have been terminated and consent has been given by the parent having custody and control of the child. KRS 199.500(4) provides that notwithstanding the provisions of subsection (1), an adoption may be granted without the consent of the natural living parents of a child if it is pleaded and proved as a part of the adoption proceedings that any of the provisions of subsections (1) or (2) of KRS 199.600 exist with respect to such child.

KRS 199.600(1) provides that in a proceeding involving a neglected or abandoned child, as defined in KRS 199.011, the circuit court may terminate the parental rights of the parents of such child, and declare the child to be a ward of the state, and may vest the care, custody and control of the child in the Department of Welfare or any licensed child-caring or child-placing agency or institution, if the parents have aban-

doned or deserted the child, or have substantially and continuously or repeatedly refused, or being able have neglected, to give the child parental care and protection, or if the child is neglected and the parents have been adjudged mentally incompetent to retain their parental rights and such judgment has been in effect for not less than one year. KRS 199.600(2) provides that if the circumstances described in subsection (1) exist with respect to only one of the two legitimate parents, the parental rights of that parent may be terminated.

KRS 199.600 is a part of the 1950 Adoption Act. KRS 199.011 was amended and readopted by the 1952 General Assembly, Chapter 83, Section 6, and the latter Act omitted the definition of a neglected, dependent, or abandoned child. However, we held in Smith v. Wilson, Ky., 269 S.W.2d 255, that reference might be had to the 1950 version of the same section for a definition of the terms. Neglected or dependent child is there defined as one who is under such improper parental care and control or guardianship as to injure or endanger the morals, health, or welfare of the child or others. Abandoned child is defined as one who by reason of the desertion of his parents or guardian is in destitute circumstances.

We further held in Smith v. Wilson, supra, that a termination of parental rights was not a necessary prerequisite to an adoption decree without the consent of a parent or parents if facts existed which would have authorized the court to terminate such parental rights with respect to one or both of the parents. It follows, therefore, that if the child is neglected, dependent, or abandoned, as that term is defined herein, so far as the conduct of the father toward the child is concerned, or if the father has abandoned or deserted the child, or has substantially, continuously, or repeatedly refused, or being able has neglected, to give the child parental care and protection, an adoption may be decreed, notwithstanding the parental rights of the father have not been formally terminated by decree or judgment.

The allegations of the complaint are rather meager, and we are unable to gather from that pleading that all of the necessary elements are present to authorize the lower court to decree adoption without such consent. If the Civil Code of Practice and its rule requiring all pleadings to be construed against the pleader were still in effect, the complaint would be clearly demurrable. The complaint should be amended or procedure available under the Civil Rules should be invoked to develop the facts of whether or not the provisions of KRS 199.600(1) exist with respect to the child involved in this action.

The judgment is reversed for proceedings consistent with this opinion.