CASE 101—PETITION EQUITY—FEBRUARY 6.

# Carr's Adm'r v. Carr.

### APPEAL FROM TRIGG CIRCUIT COURT.

1. WARNING ORDER—VOID JUDGMENT.—The fact that an affidavit for a. warning order does not state either the name of the defendant's post-office or the affiant's ignorance in regard to that matter does not render the judgment void.

2. JUDGMENT PREMATURELY RENDERED.—A judgment upon a constructive service of process is not void by reason of the fact that it was prematurely rendered.

3. DOWER.—A judgment of divorce bars the wife's claim to dower.

4. DIVORCE—NEW TRIAL AFTER HUSBAND'S DEATH.—Even if a judgment of divorce against the wife upon constructive service of process can be re-opened and vacated as erroneous in an action by her, after the husband's death, to recover dower, this action for that purpose should have been dismissed, although a defect in the affidavit for a. warning order rendered the judgment of divorce erroneous, as the evidence shows that even if the wife had appeared and made defense to the divorce suit the husband would have been entitled to the decree.

FENTON SIMS, R. A. BURNETT FOR APPELLANTS.

The unintentional omission to give the post-office address of appellee in the affidavit for the warning order against her in the suit for divorce did not render the proceedings void, that requirement of the Code being merely directory. But even if the warning order was void, it being conclusively shown that appellee left her husband without any cause and thus divested herself of her marital rights, she will not now be heard to complain in a court of equity. (Civil Code, sec. 58; Hawkins v. Ragsdale, 80 Ky., 353; Speak v. Mattingly, 4 Bush, 310; Salter v. Dunn, &c., 1 Bush, 311.)

JAMES B. GARNETT FOR APPELLEE.

1. In all proceedings upon constructive service the provisions of the Code regulating same must be literally followed, and nothing short of a substantial compliance with every requisite will give the court jurisdiction. (Jackson v. Speed, 2 Duv., 426; Brownfield v. Dyer, 7 Bush, 505; Grigsby v. Barr, 1 Bush, 330.)

The affidavit made to obtain the warning order in the divorce suit. is fatally defective in that it fails to state the post-office address of the non-resident and also fails to state affiant's ignorance of the non-resident's post-office address.

2. The decree of divorce was prematurely rendered. The case did not
   stand for hearing at that term. (Civil Code, secs. 60, 102, 364; Har-
   ris v. Adams, 2 Duv., 141.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

November 12, 1888, J. M. Carr, living in Trigg county,
sued his wife, the appellee, Rhoda J. Carr, then living but
two or three miles from him, but in the State of Tennes-
see, in the circuit court of his county for a divorce upon
the ground of abandonment without cause.

Being a non-resident a warning order was made against
her to appear at the next term of the court, beginning
more than sixty days thereafter, to-wit: on February 11,
1889, and an attorney was appointed to defend for her.
He filed a report, and the evidence for the plaintiff having
been taken the cause was submitted on February 19, 1889,
resulting in a judgment of absolute divorce to the
husband. He died in July, 1889. Although the appellee
knew of the pendency of the suit she remained silent
until August 23, 1889, when she brought this action
against his administrator and heirs, claiming that the
judgment of divorce was void and that she was therefore
entitled to share in his estate as his widow. The lower
court so held.

By our statute a divorce bars all claim to dower. (Gen.
Stats., chap. 52, art. 4, sec. 14.)

If, however, the judgment was void it would not, of
course, affect the marital rights of the appellee. She
claims that she was compelled to the abandonment by the
cruel treatment of J. M. Carr; that she was not before
the court upon even constructive notice, because the affi-
davit upon which the warning order was made was sub-
stantially defective and therefore the order of warning

was void; and, if this be not true, yet that the judgment of divorce was prematurely rendered.

If the court granting the divorce had no jurisdiction, then, of course, its action is void. What facts constitute a want of jurisdiction is, however, often a troublesome question.

The Civil Code, section 60, provides that the warning order and appointment of an attorney to defend is a constructive service.

Section 58 provides, however, that the clerk of the court shall not make the warning order except upon an affidavit of the plaintiff stating the non-residence of the defendant, and in what country he resides or may be found, and the name of the place wherein a post-office is kept nearest to the place where he resides or may be found; or stating the affiant's ignorance of these matters so far as they are unknown to him.

The affidavit upon which the warning order was made stated that the appellee resided in Stewart county, Tennessee, and was then absent from this State, but the name of her post-office was left blank. Did this omission render the judgment void for want of jurisdiction?

An action against a non-resident upon construction service is of an *ex parte* nature. The right to it is based altogether upon the statute. It has, therefore, very properly been held by this court that in such a proceeding the statute must be so far strictly followed as to show a substantial compliance with it. A decree in such a cause may, however, be void or merely erroneous. If it be had without any warning order and the appointment of an attorney to defend for the non-resident it is of course void. There is then no constructive service.

The judgment now in question, however, is that of a court of general jurisdiction, rendered upon a warning order entered in proper form, and after the filing of the report of the attorney appointed to defend. A warning order under the present practice takes the place of an order of publication under the old mode of procedure.

An act of our Legislature of 1815 authorized proceedings against unknown heirs, but provided that before an order of publication should be made the complainant should file in the clerk's office with his bill an affidavit stating that the names of the heirs were unknown to him.

In Hynes v. Oldham, 3 Mon., 266, it was held, however, that the failure to do so rendered the decree merely erroneous and not void.

This case was followed in the subsequent one of Benningfield, &c., v. Reed, &c., 8 B. M., 102, and both are cited with approval in Newcomb's Executors, &c., v. Newcomb, 13 Bush, 544. In analogy to these cases we think the failure to give the name of the post-office in the affidavit did not render the decree void, nor was it a nullity even if the action was prematurely heard.

The appellee, after the death of her former husband, brings her suit to recover a widow's part of his estate. She avers that while she abandoned him, yet she was forced to do so by his cruel treatment of her. Issue is joined as to it, and the evidence being taken and case fully prepared it is perfectly manifest the decree in the divorce suit was correct. She fails altogether to show any ill-treatment of her by the husband. It follows that if she had appeared and made defense to the divorce suit her husband would have been entitled to the decree. The result would not have been changed. Not only therefore

does it appear that she knew of the pendency of the suit, but that if she had defended it the result would have been the same. The equity of the case is against her, and now, upon a rehearing of the matter involved in the former suit, and in which she claims she was prejudiced by want of proper notice of its pendency, it appears nothing more was therein granted to the complainant than he was entitled to in equity and good conscience.

Under these circumstances the judgment of divorce should not be re-opened and vacated upon petition as erroneous even if this be allowable in such a character of action. Its correctness has again had full and fair investigation; the appellee has had her day in court, and it now appears to have been a proper judgment.

It follows that the appellee has no right in the estate of her former husband, and the judgment is reversed with directions to dismiss her petition.