## Kreiger v. Sonne

(Decided January 28, 1913.)

Appeal from Jefferson Circuit Court.
(Chancery Branch, Second Division).

1. Judgment—Collateral Attack—Warning Order—Defect in Affidavit for.—A judgment for the sale of the property of a non-resident is not void when attacked collaterally for a defect in the affidavit on which the warning order was made, the warning order being the process, the attorney for the defendant having filed his report, and the court having acted on it.

2. Jurisdiction—Action to Sell Property on Ground of Indivisibility—Attachment not Necessary to Give Jurisdiction of Non-resident.—In an action to sell property owned jointly on the ground of its indivisibility, no attachment of the property is necessary to give the court jurisdiction of the property of a non-resident who is one of the joint owners, and brought before the court by constructive service.

DURELLE & FLEECE, for appellant.

M. A., D. A., and J. G. SACHS, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

Louis Kreiger died a resident of Jefferson county in October, 1879, the owner of the lot in contest which under his will passed to his eight children share and share alike. On January 26, 1888, Charles Kreiger, one of the children, executed a general deed of assignment for the benefit of his creditors to Harry Stucky. On

August 4, 1896, five of the children of Louis Kreiger brought an action in equity against the other three including Charles Kreiger, and his assignee, Harry Stucky, in which they alleged that the lot was indivisible and asked a sale of it. Charles Kreiger was proceeded against as a non-resident. The action proceeded to a judgment under which the property was sold, and it has now passed into the hands of appellees. They brought this suit against Charles Kreiger to quiet their title to the property. He filed an answer and counterclaim in which he alleged that the judgment under which the land was sold in the equity action above referred to was void. The circuit court sustained a demurrer to his answer and counterclaim, and entered a judgment in favor of the plaintiffs as prayed. He appeals.

The ground upon which the judgment is assailed is that the warning order was void. The petition was sworn to by one of the plaintiffs and contained the following averment:

"Plaintiffs say that the defendant, Charles Kreiger is a non-resident of this State, and believed to be absent therefrom; and plaintiffs state that said Charles Kreiger has secretly departed from this State; that he has concealed place to which he was going; that they do not know where the defendant resides, do not know the post office which is kept nearest to the place where he resides, and that defendant Charles Kreiger so conceals himself that a summons cannot be served upon him."

The petition was sworn to on July 18, 1896, and the warning order was made on August 25, 1896. It is insisted that the warning order is void because the plaintiffs did not aver that they did not know where the defendant might be found; that the one plaintiff who swore to the petition did not state that he believed his co-plaintiffs were also ignorant of the facts that were unknown to him, and that thirty-eight days elapsed between the making of the affidavit and the making of the warning order.

It will be observed that the statement of the affidavit is that Charles Kreiger has secretly departed from the State; that he has concealed the place to which he was going; that they do not know where he resides or the post office nearest to the place where he resides; that he so conceals himself that a summons cannot be served upon him. Taking all these allegations together we

think they substantially show that the plaintiffs do not know where he may be found. The allegation is that the plaintiffs say the facts are as stated. This is an allegation by each of the plaintiffs, and when the petition was sworn to, there was an affidavit in substance that none of the plaintiffs knew these facts. In Ross v. McGrath's Admr., 27 R., 723, we said that the presumption in the absence of proof is that the defendant was at his place of residence.

But aside from all this there is a marked distinction between a direct attack upon a judgment and a collateral attack upon it. In this case a judgment rendered many years ago by a court of general equity jurisdiction is assailed as void collaterally and every presumption in favor of its jurisdiction must be indulged. In Carr v. Carr's Admr., 92 Ky., 552, the affidavit for the warning order failed to state the place where the post office was kept nearest to the place where the defendant resided, and it was insisted that the judgment was void. Holding that the judgment though erroneous was valid when attacked collaterally, the court said:

"An action against a non-resident upon constructive service is of an ex parte nature. The right to it is based altogether upon the statute. It has, therefore, very properly been held by this court that in such a proceeding the statute must be so far strictly followed as to show a substantial compliance with it. A decree in such a cause may, however, be void or merely erroneous. If it be had without any warning order and the appointment of an attorney to defend for the non-resident it is of course void. There is then no constructive service.

"The judgment now in question, however, is that of a court of general jurisdiction, rendered upon a warning order entered in proper form, and after the filing of the report of the attorney appointed to defend. A warning order under the present practice takes the place of an order of publication under the old mode of procedure.

"An act of our legislature of 1815 authorized proceedings against unknown heirs, but provided that before an order of publication should be made the complainant should file in the clerk's office with his bill an affidavit stating that the names of the heirs were unknown to him.

"In Hines v. Oldham, 3 Mon. 266, it was held, how-

ever, that the failure to do so rendered the decree merely erroneous and not void.

"This case was followed in the subsequent one of Benningfield, etc., v. Reed, etc., 8 B. M., 102, and both are cited with approval in Newcomb's Executors, Etc. v. Newcomb, 13 Bush, 544. In analogy to these cases we think the failure to give the name of the post office in the affidavit did not render the decree void, nor was it a nullity even if the action was prematurely heard."

In Wilson v. Teague, 95 Ky., 47, the clerk made a warning order before an affidavit was filed. After this the plaintiff swore to his petition; the attorney appointed to defend, filed his report, and the circuit court treated the warning order as sufficient. This was all the record showed. The defendant attacked the judgment collaterally as void. It was held that it should be presumed that the clerk had proper evidence before him to warrant the making of the order and that though erroneous it was not void. In Sears v. Sears, 95 Ky., 173, the affiant signed the affidavit but the officer did not sign the jurat. The court held that because it found attached to the petition an imperfect affidavit, it was not thereby precluded from presuming the existence of another and perfect one; that "the order of warning is a constructive service; it imports absolute verity, and the judgment is conclusive unless vacated or reversed in some direct proceeding." In Steele v. Stearns Coal and Lumber Co., 148 Ky., 429, the affiant did not sign the affidavit, and the clerk signed the jurat. The warning order was not made until eight years after, and it was held that it must be presumed that the circuit court when it acted, had sufficient evidence before it to sustain its judgment. We do not see that the case before us can be distinguished from those cited. It is a sound and sane rule to indulge presumptions in favor of judicial proceedings. The papers of a law suit are not usually fastened together, and may be easily lost out of the bundle. It is indispensable that public confidence shall exist as to judicial sales, and if the mere absence of some paper from the record was sufficient to overcome the title of a purchaser at a judicial sale, confidence in such sales would be destroyed, and the older they were, the more liable they would be to collateral attack. We therefore adhere to the rule that was laid down in Hines v. Oldham, which was followed and approved in the cases above cited. This rule applies in all cases where the judgment is

attacked collaterally. Where the judgment is attacked directly, it must appear that the statute was substantially followed. Any substantial deviation from the statute will render the judgment erroneous. But a different rule applies on a collateral attack of a judgment.

In the action brought under the statute by some of the joint owners for a sale of the property because of its indivisibility, the court had jurisdiction to order the sale, if the parties were before the court by actual or constructive service of process. It was a proceeding *in rem,* and no attachment of the property was necessary to give the court jurisdiction as against the non-resident, Charles Kreiger.

Judgment affirmed.