## Furlong, et al. v. Finneran, et al.

(Decided March 13, 1928.)

### Appeal from Scott Circuit Court.

1. Judgment.—Judgment rendered in suit for settlement of estate in which clerk made warning order and warning order attorney filed report showing employment as next friend for infant defendants, whereupon guardian ad litem was appointed, who filed report, held, at most, voidable on ground that infants were not properly before the court, and judgment was therefore not subject to collateral attack.

2. Judgment.—Where, in suit for settlement of estate, land was sold and proceeds distributed, attack on judgment made some years afterwards in suit for partition of such land, on ground that infant defendants in former suit were not before the court, held collateral attack; which was unavailing where warning order had been filed and guardian ad item appointed who appeared for infants.

3. Judgment.—Where judgment is simply assailed collaterally, mere irregularities in the proceedings do not render the judgment void.

4. Partition.—Where improper conduct, at sale, of some of cotenants may have resulted in alleged inadequacy of price received for property, such cotenants could not secure reversal of judgment confirming sale on ground that price was inadequate.

5. Parititon.—Where property was held by five common owners subject to mortgage, court properly held that sale of property was necessary for the division.

6. Partition.—Where in partition suit, items of personal property involved were set out in commissioner's report of sale which was made part of judgment, it was not necessary to recopy items in judgment.

R. W. KEENON for appellants.

FORD & FORD for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Mary Finneran, P. H. Feeney, Ed Feeney, Kate Feeney, and Nellie Furlong bought a tract of land, owned by their father, in a suit for the settlement of the estate, and then executed a mortgage on the land for $16,000. They lived on the land together for a while amicably, but later some disagreement occurred; then Mary Finneran and P. H. Feeney brought this action against Ed Feeney, Kate Feeney, and Nellie Furlong for a sale of the land and a division of the proceeds after sat-

isfying the mortgage. The sale was had; the defendants filed exceptions to the sale; the exceptions were overruled and the sale confirmed; the defendants appeal.

The chief ground for reversal is that the necessary parties were not brought before the court. One of the children had died before the former suit was brought, leaving a wife and two infant children who lived in Texas. The defendants pleaded that these infants were not before the court in the former action, and that the judgment was void as to them; they asked that they be brought before the court before a sale was ordered. The record of the original action was made part of the answer, and the court held this part of the answer insufficient. The facts as to this matter are these: The plaintiffs' attorney in that suit filed an affidavit for a warning order, but he did not show in that affidavit that all the plaintiffs were absent from the county. The clerk made the warning order. The warning order attorney filed a report and stated in the report that he had been employed by the mother for herself and as next friend of the infants to file answer for them. He also filed answer for the mother and for the infants by their next friend. After this was done, the court appointed a guardian ad litem for the infants. The guardian ad litem filed a report. After this the judgment was rendered.

Whatever may have been the defect in the proceeding if attacked directly, the proceeding was not void and cannot be attacked collaterally. The sale was made some years ago. The sale money has been distributed, and the attack attempted here is simply a collateral attack on the judgment on the ground that it is void. In Ratliff v. Childers, 178 Ky. 102, 198 S. W. 718, the court quoted with approval as the rule on the subject the following:

"A judgment against an infant, lunatic or idiot without either service of process on him or the appointment of a guaridan for the infant or a committee for the idiot or lunatic, and a defense by such guardian or committee, is absolutely void. But if process is served on the infant or lunatic, or if the court without the service of process improperly appointed a guardian ad litem for the infant or a committee for the lunatic or idiot, and such guardian or committee appeared and filed answer for him, the judgment is not void, but voidable only. The law required both, or it is error for which a reversal may

be had. But if either be done and the other omitted, the judgment is not void, but valid in any collateral proceeding.''

It has also been held in a number of cases that on a collateral attack it will be presumed that the clerk had before him proper evidence to warrant the making of the warning order, and that the proceeding when no affidavit was in the record was not void. Krieger v. Sonne, 151 Ky. 739, 152 S. W. 936. In Carr's Adm'r v. Carr, 92 Ky. 554, 18 S. W. 453 (13 Ky. Law Rep. 756, 36 Am. Stat. Rep. 614), it is said:

"An action against a nonresident upon construction service is of an ex parte nature. The right to it is based altogether upon the statute. It has, therefore, very properly been held by this court that in such a proceeding the statute must be so far strictly followed as to show a substantial compliance with it. A decree in such a cause may, however, be void or merely erroneous. If it be had without any warning order and the appointment of an attorney to defend for the nonresident it is of course void. There is then no constructive service.

"The judgment now in question, however, is that of a court of general jurisdiction, rendered upon a warning order entered in proper form, and after the filing of the report of the attorney appointed to defend. A warning order under the present practice takes the place of an order of publication under the old mode of procedure."

In Womble v. Trice's Guardian, 112 Ky. 533, 66 S. W. 370, 23 Ky. Law Rep. 1939; Webb v Webb, 178 Ky. 152, 198 S. W. 736; Massingale v. Parker, 191 Ky. 515, 230 S. W. 932; Bethel College v. Gladdish, 204 Ky. 10, 263 S. W. 659; Gentry v. Gentry, 217 Ky. 806, 290 S. W. 665; Bowles v. Bowles, 222 Ky. 327, 300 S. W. 880, and cases there cited—the judgments were attacked directly, and not, as here, collaterally.

In cases like this a clear distinction must be drawn between a collateral attack and a direct attack on the judgment. Many proceedings against an infant are irregular and may be opened upon seasonable application, in a direct proceeding for that purpose, but where the judgment is simply assailed· collaterally, mere irregularities in the proceeding do not render the judgment void.

The court cannot disturb the sale on the ground that the price was inadequate, for the conduct of the appellants at the sale was inexcusable, and their own conduct may have brought about what they now complain of. The situation of the property, the mortgage upon it, and the fact that there were five owners showed that a sale of the property was necessary for a division, and the circuit court properly so held under the evidence.

While the personal property was not described in the judgment it was described therein as the property set out in the commissioners' report, and in the commissioner's report it was fully described. It was not necessary to copy again in the judgment the items of the personal property set out in the commissioner's report which was made a part of the judgment.

On the whole case, the court finds no error in the record to prejudice the appellants' substantial rights. Judgment affirmed.