MOREHOUSE et al. v. MOREHOUSE.

No. 10172.

Court of Civil Appeals of Texas. San Antonio.

Nov. 17, 1937.

Rehearing Denied Jan. 5, 1938.

832

Dilworth & Marshall and Thomas W. Menefee, Jr., all of San Antonio, for appellants.

Boyle, Wheeler, Gresham & Terrell and H. M. Parker, all of San Antonio, for appellee.

SLATTON, Justice.

This is an appeal from a judgment resulting from a trial to the court of a suit filed by Lotta K. Morehouse, joined by her three children, against Frances W. Morehouse, individually and as administratrix of the estate of A. B. Morehouse, deceased. The purpose of the suit was to cancel a judgment of divorce entered on the 9th day of February, 1922, in the Seventy-Third district court of Bexar county, and to enjoin Frances W. Morehouse from asserting she is the widow of A. B. Morehouse, and from asserting any right, title, or interest in the estate of A. B. Morehouse deceased.

Briefly, the evidence shows that A. B. Morehouse and Lotta K. (Latch) Morehouse married at State Center, Iowa, on the 6th day of October, 1907. At the time of the marriage A. B. Morehouse was in the service of the United States Army, as a noncommissioned officer, and continued in the service until his retirement as a major.

During 1920 A. B. Morehouse began a tour of duty at Fort Sam Houston, where he remained until his retirement and until his death. In the early part of 1921 Lotta K. Morehouse and children moved to San Antonio to live with the then Captain Morehouse. On account of ill health Lotta K. Morehouse and her children returned to Illinois. While Captain Morehouse and his family lived in Bexar county, they did not reside on the United States Army Reservation, and after his family left for Illinois, Captain Morehouse lived at the Elks Club, which was not on the Army Reservation.

On the 6th day of January, 1922, A. B. Morehouse filed suit for divorce in the Seventy-Third district court of Bexar

county against K. L. Morehouse, and on the same date made affidavit that K. L. Morehouse was a nonresident. Subsequently citation by publication was issued and published, in accordance with law, and on the 9th day of February, 1922, after trial, the Seventy-Third district court granted the divorce. The nonresident defendant was represented by attorney appointed by the court. A brief statement of the evidence was filed among the papers of said cause. The proceedings were strictly in accordance with our statutory law. Lotta K. Morehouse did not appear or file answer in the divorce proceedings.

On or about November 18, 1925, the military authorities notified Lotta K. Morehouse that she had a legal right to set the divorce aside. Upon receipt of this advice from the military authorities, Lotta K. Morehouse wrote A. B. Morehouse she had been advised, by a prominent attorney of San Antonio and the military authorities, that she could set the divorce proceedings aside, and if Captain Morehouse had married another woman, which apparently he had, he would be guilty of bigamy, and sought information as to how the matter could be settled out of court. Shortly after the receipt of the letter from Lotta K. Morehouse by A. B. Morehouse, an agreement was made between them whereby the said A. B. Morehouse was to pay the said Lotta K. Morehouse $100, or more, per month, which sum was paid from the latter part of 1925 until the death of A. B. Morehouse, in October, 1935.

■ Frances W. Morehouse became acquainted with A. B. Morehouse in October, 1923. They were married April 7, 1924, and lived together as husband and wife in Bexar county until the death of A. B. Morehouse, which occurred in October, 1935. No question was raised as to the validity of the divorce proceeding to Frances W. Morehouse, nor any one else, until about three months after the death of A. B. Morehouse, who died intestate. The entire record of the divorce proceedings was introduced in evidence. The only witnesses who testified in the case were Lotta K. Morehouse and Frances W. Morehouse. The suit being against Frances W. Morehouse as administratrix of the estate of A. B. Morehouse deceased, seeking judgment against her as such, and the only evidence offered in support of Lotta K. Morehouse having been given by her in the narration of transactions with the deceased, A. B. Morehouse, the trial court could not have rendered any other decree than one denying Lotta K. Morehouse any relief. Besteiro v. Besteiro, Tex. Com.App., 65 S.W.2d 759. However, we do not rest our decision on this ground.

■ Appellant Lotta K. Morehouse claims the decree granting the divorce was void, because the plaintiff A. B. Morehouse was not at the time of exhibiting his petition an actual bona fide inhabitant of the State of Texas for a period of twelve months, and a resident of Bexar county for six months next preceding the filing of such suit. The record in the divorce action shows all statutory jurisdictional facts required by our statute were present. That record is sought to be impeached here by proof that A. B. Morehouse was not a resident of Texas at the time of his enlistment in the United States Service. The record in this cause shows that A. B. Morehouse came to Bexar county, Tex., more than one year before the divorce suit was filed. If at the time of his moving to Texas it was his intention to make his permanent domicile here, we are of the opinion he could do so. His living in Bexar county after retirement is some proof of that intention. The opinion in Gallagher v. Gallagher, Tex.Civ.App., 214 S.W. 516, points out that a soldier can abandon his domicile or origin and select another. Certainly, in support of the verity of a judgment, we should presume that in the divorce case the evidence showed domicile of A. B. Morehouse to have been changed to Texas and Bexar county by the clearest and most unequivocal proof. Especially in view of A. B. Morehouse, whose domicile is in question, being dead and the attack being made more than thirteen years after the court had so determined.

■ The appellant next asserts the divorce decree is void because the citation by publication designated Lotta K. Morehouse as K. L. Morehouse. It has been the rule in this state from an early day that statutes authorizing citation by publication, Vernon's Ann.Civ.St. art. 2037 et seq., must be substantially complied with, in order to acquire jurisdiction to enter a decree granting a divorce. Stephens v. Stephens, 62 Tex. 337. In the divorce action every essential requirement of the statutes was strictly followed, and a divorce decree was entered against K. L. Morehouse, wife of A. B. Morehouse. The purpose of a citation by publication is to inform the party

834

or the party's friends that such action is pending. Had Lotta K. Morehouse, or her friends, read the citation in the divorce action showing K. L. Morehouse to be the wife of A. B. Morehouse, and the date and place of their marriage, her identity would have become apparent, as she was the only wife of A. B. Morehouse. In 50 C.J. § 200, p. 537, it is said: "A slight error in the spelling of the name of the defendant or the transposition of the initial letters of his name, or the omission of the defendant's Christian name, is not fatally defective where defendant is otherwise so described in the notice that the error could mislead nobody." Lotta K. Morehouse being the wife of A. B. Morehouse, and being so described in the notice by publication, the transposition of her initials to K. L. Morehouse would not render the decree entered in the divorce action absolutely *void*. We are not holding that the decree was not voidable and could not have been timely set aside. That question is not before us. This attack is being made more than thirteen years after the decree was entered.

There is another ground upon which the judgment of the trial court may be upheld, regardless of the correctness of our views upon previous questions discussed. Appellant learned of the divorce decree about December 2, 1924, and received a copy of the petition about the 8th day of January, 1925. She was advised that she could have the decree set aside, and also advised of the marriage of A. B. Morehouse. Subsequent to this information she made an agreement with A. B. Morehouse whereby she received from him about $12,000, which was paid to her monthly over the period from 1925 until 1935, out of the community funds of A. B. Morehouse and Frances W. Morehouse. Appellee, Frances W. Morehouse met and married A. B. Morehouse more than a year after the divorce decree was entered. This record shows that she made him a dutiful wife, without any knowledge that Lotta K. Morehouse claimed or would ever claim the divorce to be illegal. The evidence further shows that A. B. Morehouse was in bad health during the last few years of his life and during such period Frances W. Morehouse cared for him with loving kindness. And the record shows that a part of the estate of A. B. Morehouse is insurance for which premiums were paid out of the community estate of Frances W. Morehouse and A. B. Morehouse.

It seems to us that the doctrine of equitable estoppel precludes Lotta K. Morehouse from now asserting the invalidity of the divorce decree and thereby rendering the marriage relation between A. B. Morehouse and Frances W. Morehouse, which existed more than eleven years, bigamous. We do not assert that parties may terminate their marriage relation by estoppel. The marriage relation between the parties here have been terminated by the death of A. B. Morehouse. This action is brought merely for the purpose of Lotta K. Morehouse gaining an interest in her deceased husband's estate, to the exclusion of Frances W. Morehouse, who was an innocent participant in the second marriage of A. B. Morehouse. The children of the first marriage are not involved, for they participate in their deceased father's estate, according to descent and distribution.

The principle of equitable estoppel has been applied in this state in Eldridge v. Eldridge, Tex.Civ.App., 259 S.W. 209; Moor v. Moor, Tex.Civ.App., 63 S.W. 347. Other courts have held that where a party to a divorce, knowing that it was obtained through fraud or irregularity, treats it as valid and acts as an unmarried person in violation of any obligations incident to the former status, he is estopped from attacking the decree. Carr's Adm'r v. Carr, 92 Ky. 552, 18 S.W. 453, 36 Am.St.Rep. 614; Marvin v. Foster, 61 Minn. 154, 63 N.W. 484, 52 Am.St.Rep. 586; Arthur v. Israel, 15 Colo. 147, 25 P. 81, 10 L.R.A. 693, 22 Am.St.Rep. 381.

Lotta K. Morehouse knew, for a period of more than ten years, that she had been charged in the petition for divorce with cruel and harsh treatment toward her husband, A. B. Morehouse, and by her silence and acceptance of the monthly payment acquiesced in the decree granting the divorce.

We are of the opinion, upon the case before us, Lotta K. Morehouse is estopped to now, at this late date, assert the invalidity of the decree of divorce, in order that she may participate in the estate of A. B. Morehouse, deceased.

Believing the decree entered by the trial court is correct and the appellant failing to show error, it is affirmed.