#### LUNT v. LUNT.

No. 3736.

Court of Civil Appeals of Texas. El Paso.

Sept. 29, 1938.

Rehearing Denied Oct. 20, 1938.

Larry DeBogory and Eugene DeBogory, both of Dallas, for appellant.

Logan Ford and Burford, Ryburn, Hincks & Charlton, all of Dallas, for appellee.

HIGGINS, Justice (after stating the case as above).

Whatever may be the rule in other jurisdictions, the authorities in this State abundantly support the view that an action will lie to set aside a judgment procured by the false and perjured testimony of the party in whose favor the judgment was rendered when the party against whom such

judgment was rendered was not personally served; was not wanting in diligence in presenting his defenses in the original action; was prevented from so doing by the wrongful conduct of the adverse party, and who moves with due diligence to set aside the judgment after the same is rendered. McMurray v. McMurray, 67 Tex. 665, 4 S.W. 357; Hayward v. Hayward, Tex.Civ.App., 53 S.W.2d 108; Swearingen v. Swearingen, Tex.Civ.App., 193 S.W. 442; Bonner v. Pearson, Tex.Civ.App., 7 S.W.2d 930; Avocato v. Dell'Ara, Tex.Civ.App., 84 S.W. 443; Davis v. Jones, Tex.Civ.App., 149 S.W. 727; Ellis v. Lamb-McAshan Co., Tex.Civ.App., 264 S.W. 241; Ralls v. Ralls, Tex.Civ.App., 256 S.W. 688; Reed v. Bryant, Tex.Civ. App., 291 S.W. 605.

■ The allegations contained in the first count in the plaintiff's petition bring the case within the rule stated; for these allegations show the decree of annulment was obtained by the appellee through his false and perjured testimony; that appellant at the time of the rendition of said judgment was confined in the State Insane Asylum at Terrell, having been theretofore adjudged insane by the County Court, which judgment of insanity was procured by appellee and based upon his perjured testimony. Her confinement in the asylum and the judgment of insanity fully excuse the appellant for not presenting her defenses in the annulment suit and acquit her of any negligence in failing so to do. Further allegations show that she acted with due diligence after her discharge from the asylum and the restoration of her reason, if the same had ever been lost.

■ But there are other allegations in the first count which are of controlling importance and support the action of the court below in sustaining the demurrer. We refer to those allegations which show appellant had possessed herself of certain property awarded her under the annulment decree, and that the Probate Court has entered an order directing her guardian to settle his accounts and deliver the property in his hands to the appellant. These allegations show appellant has availed herself of those portions of the decree setting aside to her certain property. She has therefore affirmed and ratified the annulment decree and is now estopped to attempt to set it aside. Moor v. Moor, Tex. Civ.App., 63 S.W. 347; Morehouse v. Morehouse, Tex.Civ.App., 111 S.W.2d 831;

Bearden v. Texas Company, Tex.Civ.App., 41 S.W.2d 447, 456, 463, 464, affirmed, Tex. Com.App., 60 S.W.2d 1031, 1037.

In Moor v. Moor, supra, the Court said [page 350]: "If a party has used, or attempted to use, the privilege of a decree of divorce (as the appellant did in this case to obtain and uphold a settlement made upon the face of it), he has thereby affirmed it, and cannot thereafter complain of its invalidity, 2 Bish.Mar., Div. & Sep. § 1536."

In Morehouse v. Morehouse, supra, the Court said [page 834]:

"The principle of equitable estoppel has been applied in this state in Eldridge v. Eldridge, Tex.Civ.App., 259 S.W. 209; Moor v. Moor, Tex.Civ.App., 63 S.W. 347. Other courts have held that where a party to a divorce, knowing that it was obtained through fraud or irregularity, treats it as valid and acts as an unmarried person in violation of any obligations incident to the former status, he is estopped from attacking the decree. Carr's Adm'r v. Carr, 92 Ky. 552, 18 S.W. 453, 36 Am.St.Rep. 614; Marvin v. Foster, 61 Minn. 154, 63 N.W. 484, 52 Am.St.Rep. 586; Arthur v. Israel, 15 Colo. 147, 25 P. 81, 10 L.R.A. 693, 22 Am.St.Rep. 381.

"Lotta K. Morehouse knew, for a period of more than ten years that she had been charged in the petition for divorce with cruel and harsh treatment toward her husband, A. B. Morehouse, and by her silence and acceptance of the monthly payment acquiesced in the decree granting the divorce.

"We are of the opinion, upon the case before us, Lotta K. Morehouse is estopped to now, at this late date, assert the invalidity of the decree of divorce, in order that she may participate in the estate of A. B. Morehouse, deceased."

In Bearden v. Texas Company, supra, the Court of Civil Appeals said [page 463]: "We conclude further that the defense of estoppel as against Bessie Lee Griffin, nee Bessie Lee Morgan, was conclusively established by her act in receiving from R. E. Bearden, as guardian on final settlement of the guardianship, several thousand dollars collected by him as royalties from the leases which are here assailed, and further royalties aggregating more than $1000 after the close of the guardianship in monthly installments covering more than a year; all of which receipts occurred after her

marriage, and with no pleading or evidence of fraud inducing such action by her."

On motion for rehearing the Court further said: "But we adhere to our former conclusion that the defense of estoppel as against Bessie Lee Griffin was conclusively established by her act in receiving from her former guardian on final settlement of the guardianship after her marriage, several thousand dollars collected by him as royalties from the lease which was assailed by her; and further receipts of royalties by her after her marriage in monthly installments covering more than a year, amounting to more than $1,000, since such acts conclusively bound her to a ratification of the lease and of the judicial proceedings which culminated in its execution."

The holding of the Court of Civil Appeals has the express approval of the Supreme Court. See 60 S.W.2d 1031, where it was said [page 1037]: "We have read and carefully considered the very able and exhaustive opinion of the Court of Civil Appeals, speaking through Judge Dunklin, relating to the appeals of Lee O. Bearden and Bessie Lee Griffin. Also we have read and carefully considered the very able briefs and arguments filed by counsel representing such parties, and in our opinion the Court of Civil Appeals has correctly disposed of their appeals, and for correct reasons given. No good purpose can be served by further discussion here."

The authorities cited support the view and we hold that the first count in the petition was subject to the demurrer.

■ Passing to the second count in the petition wherein the plaintiff seeks to recover damages, it is quite clear this count states no cause of action. According to plaintiff's allegations she has at all times been sane and the marriage relation between herself and the appellee therefore valid. The damages which she seeks to recover in the second count are for an alleged tort against her committed by her husband during the existence of the marriage. The authorities in this State are clear that no cause of action exists in favor of a wife against her husband to recover damages for tort committed against her person or reputation during coverture. Nickerson & Matson v. Nickerson, 65 Tex. 281, 283; Wilson v. Brown, Tex.Civ.App., 154 S.W. 322, 324; Sykes v. Speer, Tex. Civ.App., 112 S.W. 422, 424, 425, affirmed 102 Tex. 451, 119 S.W. 86, 132 Am.St. Rep. 896.

In the case of Nickerson & Matson v. Nickerson, supra, the Supreme Court refused to allow a wife to recover subsequent to her divorce for the tort consisting in her false arrest committed by her husband against her during coverture. The Court in its opinion said:

"The husband could not have maintained an action against his co-defendant for a tort upon his wife, in the perpetration of which they were joint tort-feasors; for, out of his own wrong, no action could accrue to him.

"The tort inflicted upon the wife by the husband and another, gave no right of action to the wife against the husband. Cooley on Torts, 223, 227; Peters v. Peters, 42 Iowa 182; Longendyke v. Longendyke, 44 Barb. [N.Y.] 366.

"For such injuries, in so far as the husband was concerned, no compensation could be given to the wife, through a civil action.

"If the tort constituted a violation of the criminal law the husband was amenable thereto, and the wrong to the public might, through it, be punished.

"Whatever cause of action the wife had, accrued when the acts of which she complains were committed; and the fact of divorce subsequently granted, cannot make that a cause of action which was not so at the time the facts transpired, Phillips v. Barnett, 1, 2 Bishop on Div., 438; Abbott v. Abbott, 67 Me. 304 [24 Am.Rep. 27]."

Affirmed.