### PETTAWAY v. PETTAWAY.
#### No. 4348.

Court of Civil Appeals of Texas. El Paso.
Nov. 12, 1943.

286

Oliver W. Johnson, of San Antonio, for appellant.

Reynolds N. Cate, of San Antonio, amicus curiae.

No counsel appeared for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of one of the district courts exercising jurisdiction in Bexar County. Plaintiff, Nathaniel Pettaway, sued Alice Pettaway for a divorce. The trial was to the court without a jury. After hearing the evidence the court dismissed the proceeding on the ground that the plaintiff was not a bona fide resident of Texas and had not resided in the State twelve months preceding the filing of his petition. Plaintiff perfected an appeal from this judgment.

There is a question of jurisdiction presented by the transcript.

The judgment recites an appearance by the plaintiff and an appearance by Mrs. H. C. Hugman, as amicus curiae, but recites no appearance by defendant. There was no appearance of record entered by the defendant shown by the transcript. No citation of the defendant by publication or otherwise appears in the record; no acceptance of service by the defendant. A copy of a document appears in the transcript in the form of a letter which is labeled "Defendant's Original Answer." This letter is signed "Alice Pettaway." It does not appear therefrom to whom same was addressed. Immediately under the signature, "Alice Pettaway," appears the following: "The foregoing letter was received from the defendant by the San Antonio Social Welfare Bureau and is filed herewith in order that the Court will have these jurisdictional facts," signed "San Antonio Social Welfare Bureau." There further appears in the transcript a copy of a paper denominated "Plea of Amicus Curiae." Mrs. H. C. Hugman signed same, and therein suggests that service on the defendant is not complete, because the defendant is a resident of the State of New York, and suggests to the court that plaintiff is not a resident of Texas and has not resided in the State of Texas for one year preceding the filing of the suit, and was not a bona fide resident of the State for twelve months preceding the filing of his said petition. The transcript fails to show whether San Antonio Social Welfare Bureau is a corporation, an unincorporated association, or an individual.

Defendant Alice Pettaway makes no appearance here.

The copy of the letter referred to above would be a substantial answer to

287

the merits of plaintiff's asserted cause of action. However, there is no showing that such letter was ever authorized to be filed as an answer by Alice Pettaway. The appended explanation above the signature of the San Antonio Welfare Bureau would seem to indicate that same was filed by that organization (we take it that the name sufficiently indicates that it was not an individual) on its own initiative. The answer filed by Mrs. Hugman as amicus curiae is insufficient to give jurisdiction over the person of the defendant. The letter does not appear to be addressed to the court or to any officer thereof.

In order for this court to have jurisdiction to entertain an appeal, the record must show that the trial court had jurisdiction. There is no question but the trial court had potential jurisdiction over this action. In our opinion there is some doubt of the sufficiency of the transcript to show active jurisdiction. However, the clerk was charged with the filing of the papers in the case. It is perhaps to be presumed he would not have filed the letter in question unless directed by the defendant. We have therefore decided to consider the appeal on its merits.

The findings of fact of the trial court were as follows:

"The Court finds that plaintiff is a soldier, and now living in San Antonio, and that he has a wife in New York City.

"The Court finds that the plaintiff is not an actual bona fide inhabitant of the State and not a resident of this County, within the contemplation and purview of Article 4631, 1925 Revised Civil Statutes of Texas, entitling plaintiff to maintain a suit for divorce."

Appellant attacks these findings. He was the only witness testifying on the trial. In regard to the pertinent matter, he testified in substance as follows: That he was a soldier in the United States Army; that he had lived in San Antonio since December 27, 1941, and had been a soldier at all times during his residence in San Antonio; that he had been transferred to San Antonio from Camp Lee, Virginia, by U. S. Army orders; that he resided at 913 Perey Street and had bought furniture and linens for a room or apartment; that his intentions were when he went to the room or apartment in the first part of February, 1942, to live in San Antonio; that his wife

lived in New York City; that he married her in Jersey City January 24, 1936.

The only external manifestation appellant made as to his intention to make San Antonio his permanent home or domicile was the renting of a room or apartment and the purchase of furniture and linens. As to his own mental processes he said: "My intentions were to live down here in San Antonio." How long he intended to live in San Antonio he failed to specify.

Appellant did not voluntarily come to San Antonio with the intention of making Texas his permanent home. If such intention was ever formed, it was subsequent to his arrival in Texas.

There is no doubt that a soldier of the United States may, while he is such, acquire a domicile in Texas entitling him to resort to the proper courts here to secure a divorce. Morehouse v. Morehouse, Tex.Civ.App., 111 S.W.2d 831; Warfield v. Warfield, Tex.Civ.App., 161 S.W.2d 533; Kennedy v. Kennedy, 205 Ark. 650, 169 S. W.2d 876.

However, his removal to the State is not voluntary. His actual physical presence is likewise not necessarily voluntary. He comes and remains in pursuance to orders. This being the case, his coming to the State and remaining therein loses much of its weight in establishing that it was his intention to make Texas his legal residence, that is, his domicile. Despite this, however, it is possible for a soldier to change his domicile from some other state to Texas.

The burden is upon one asserting the right to a divorce to establish the facts required by Art. 4631, R.S., Vernon's Ann. Civ.St. art. 4631, to entitle him to maintain such suit. Art. 4632 prescribes that the character of the evidence be full and satisfactory. It is elementary that this requirement extends to the showing as to inhabitancy and residence.

Appellant was an interested witness. His uncorroborated testimony under the circumstances left it at least an issuable fact as to whether or not he was a bona fide inhabitant of the State of Texas and had been such for one year. It was exclusively a matter for the trial judge. In our opinion the finding as to the insufficiency of the evidence to support the allegation of inhabitancy was not only justi-

fied but perhaps absolutely required by the evidence introduced. Seago v. Seago, Tex. Civ.App., 64 S.W. 941; Gallagher v. Gallagher, Tex.Civ.App., 214 S.W. 516.

■ There is no merit in the contention that the judgment violates Sec. 2 of Art. 4 of the Constitution of the United States. Same is overruled without comment.

It is ordered that the judgment be affirmed.

SUTTON, J., concurs.

WALTHALL, J., not participating.