**Lloyd C. GREEN, Jr., Appellant,**

**v.**

**Patricia GREEN, Appellee.**

**No. 12848.**

Court of Civil Appeals of Texas.

San Antonio.

May 11, 1955.

Rehearing Denied June 1, 1955.

Benjamin D. Lucas, San Antonio, for appellant.

John A. Daniels, San Antonio, for appellee.

NORVELL, Justice.

At the time of trial Lloyd C. Green, Jr., was a sergeant in the United States Air Force stationed at Lackland Field near San Antonio, Texas. He brought suit for divorce against his wife, Patricia Green. The trial court concluded from the evidence that Lloyd C. Green, Jr., "did not have the residence requirements demanded by law to prosecute the action" and accordingly dismissed the suit.

Article 4631, Vernon's Ann.Tex.Stats., requires that a plaintiff reside in Texas for one year and for six months in the county where suit is filed, before he may institute divorce proceedings. The plaintiff in the present suit originally enlisted in the Air Force at Oklahoma City, Oklahoma, in 1947. He was discharged in 1950 and went to live in Lovington, New Mexico, where his father resided. Later that same year, he re-enlisted at El Paso, Texas, and has remained in the Air Force since that time. During the time plaintiff has been in the military service, both before and after his marriage in 1951, he was stationed at various air base installations and fields in accordance with the orders issued by his superiors in command. On January 7, 1953, he was transferred to Lackland Air Force Base and filed this suit on September 29, 1954. While he has been physically present in the State of Texas and Bexar County for the required statutory period, it does not follow that he was an "inhabitant" of the State and County within the contemplation of the law. In Wilson v. Wilson, Tex.Civ. App., 189 S.W.2d 212, 213, the Court said:

"In order to be an inhabitant one must acquire a domicile or home, and it must have the stamp of permanency on it. There must not only be an intention to establish a permanent domicile or home, but the intention must be accompanied by some act done in the execution of the intent. A soldier can abandon his domicile of origin and select another, yet, in order to show a new domicile during the term of enlistment, there must be the clearest and most unequivocal proof. The testimony of the party as to an intention to establish the new domicile is not enough, when not accompanied by any act or declaration showing such intent."

In the present case it is undisputed that plaintiff purchased no residential property nor house furnishings. His testimony went no farther than stating that some time after he returned to Lackland for his present tour of duty at that base, he decided that he liked the climate in San Antonio and would like to live there. He said he discussed with his wife this intention of making San Antonio their permanent home, but in this he was flatly contradicted by her. The matter of Green's credibility was for the trial court as the trier of facts, Pettaway v. Pettaway, Tex. Civ.App., 177 S.W.2d 285, and the evidence

is not of that clear and unequivocal nature which would support a holding, as a matter of law, that plaintiff was a bona fide inhabitant of the State of Texas and County of Bexar. While a member of the military forces may abandon one domicile and select another, Gallagher v. Gallagher, Tex.Civ. App., 214 S.W. 516; Morehouse v. Morehouse, Tex.Civ.App., 111 S.W.2d 831, the fact that he did so must be proved by competent evidence. In the present case, the plaintiff failed to meet the burden of persuasion.

The judgment is affirmed.